**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

OCT 19 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERIC MALONE, | No. 22-56201 |
| Plaintiff-Appellant, | D.C. No. 2:22-cv-00929-FMO-PVC |
| v. | |
| TOYOTA MOTOR SALES, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Submitted October 10, 2023**

Before:    S.R. THOMAS, McKEOWN, and HURWITZ, Circuit Judges.

Eric Malone appeals pro se from the district court's judgment dismissing his

action seeking confirmation of an arbitration award.  We have jurisdiction under 28

U.S.C. § 1291.  We review de novo a dismissal for lack of subject matter

jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  *Prather v. AT&T,*

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Inc.*, 847 F.3d 1097, 1102 (9th Cir. 2017).  We affirm.

The district court properly dismissed Malone's action for lack of subject matter jurisdiction because Malone failed to allege a federal question or meet the requirements for diversity of citizenship.  *See* 28 U.S.C §§ 1331, 1332; *Badgerow v. Walters*, 142 S. Ct. 1310, 1314 (2022) (the Federal Arbitration Act does not create jurisdiction, and a federal court must have an "independent jurisdictional basis" to confirm an arbitral award); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (§ 1332 applies only when "the citizenship of each plaintiff is diverse from the citizenship of each defendant"); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010) ("[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." (citation and internal quotation marks omitted)).

We do not consider arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).  We do not consider documents and facts not presented to the district court.  *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

All pending motions and requests are denied.

**AFFIRMED.**